UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE SPEARMAN,

       Plaintiff,

                                           Case No. 02-73105

v.

                                           Honorable Arthur J. Tarnow
STACY KOCOT,                         United States District Judge

       Defendant.                      Magistrate Judge Wallace Capel, Jr.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [73]

      In this prisoner civil rights action, Plaintiff, Maurice Spearman, alleges to have suffered retaliation by Defendant, Stacy Kocot. On September 30, 2003, the Court entered an order on the magistrate's Report and Recommendation, granting in part and denying in part a motion to dismiss/for summary judgment by Defendant and denying a motion for summary judgment by Plaintiff. In that order, the Court rejected Defendant's argument in favor of the "total exhaustion" rule. The Court dismissed Plaintiff's unexhausted claims and allowed his exhausted claims to proceed. On April 27, 2005, a panel of the Sixth Circuit promulgated *Bey v. Williams,* 407 F.3d 801 (6th Cir. 2005). *Bey* adopted the total exhaustion rule, holding that the Prison Litigation Reform Act requires dismissal of an entire action containing unexhausted claims. That decision was the impetus for the instant motion for summary judgment by Defendant. The Court has determined that oral argument is not necessary.

*Spearman v. Kocot*
02-73105

Defendant argues that, in light of *Bey*, the Court erred in allowing Plaintiff's unexhausted claims to proceed. That decision, however, was not unanimous. In his dissent, Judge Clay pointed out that the total exhaustion question had already been answered by *Hartsfield v. Vidor,* 199 F.3d 305 (6th Cir. 1999), wherein the Court recognized – without using the magic words "total exhaustion" – that the district court had properly addressed the merits of the plaintiff's exhausted claims while dismissing his unexhausted claims. Because *Bey* was not an *en banc* decision, he explained, it could not overrule *Hartsfield.* The Court agrees that the two cases are conflicting and declines to apply *Bey* to the instant case.

In the September 2003, order, the Court concluded that Plaintiff demonstrated exhaustion as to the shake downs of May 5, 2003, and May 11, 2003, but not as to the incidents of April 15, 2003, and June 5, 2003. The Court need not reiterate its reasoning. As Plaintiff correctly states, the only claims which survived Defendant's previous motion were the exhausted claims. Had the Court dismissed Plaintiff's complaint in its entirety, he could have simply filed an amended version, raising only the exhausted claims. The case now stands in the same posture as it would if Plaintiff had filed an amended complaint. Therefore, Defendant's motion is **DENIED.**

    **IT IS SO ORDERED.**

    s/Arthur J. Tarnow
    **Arthur J. Tarnow**
    **United States District Judge**

*Spearman v. Kocot*
02-73105

**Dated: July 13, 2005**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on July 13, 2005, by electronic and/or ordinary mail.**

<u>**s/Theresa E. Taylor**</u>
**Case Manager**